UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADRIAN SHERMAN,

          Petitioner,

    v.

STEVEN TOOHEY,

          Respondent.

Case No. C04-5894FDB

REPORT AND RECOMMENDATION

Noted for April 8, 2005

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Duncan v. Henry, --- U.S. ---, 115 S.Ct. 887, 888 (1995), *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

Here, Mr. Sherman filed a petition for writ of habeas corpus, alleging he wrongfully lost 20 days of good time credit. Petitioner is incarcerated at the Clallam Bay Corrections Center. He is seeking

REPORT AND RECOMMENDATION
Page - 1

restoration of his good time credit and revocation of the underlying disciplinary infraction.

The disciplinary hearing occurred on or about July 19, 2004.  The Petition states Mr. Sherman administratively appealed the decision to the prison's Superintendent.  On January 10, 2005, the court issued an order asking Mr. Sherman to explain why the matter should not be dismissed due to the fact that it appeared the matter had not been presented to the state courts.   In response to the order, Mr. Sherman moved for leave to present his case to the Washington State Supreme court, perhaps in the way of a Personal Restraint Petition first filed with the appropriate State Superior or Appellate court.  It is clear Mr. Sherman has not properly exhausted his petition.

Accordingly, the court should deny the instant petition for writ of habeas corpus and dismiss this matter without prejudice.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 8, 2005**, as noted in the caption.

DATED this 18th day of March, 2005.

> */s/ J. Kelley Arnold*
> J. Kelley Arnold
> United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2